In the Supreme Court of Georgia

Decided: January 22, 2019

S19A0153. BISHOP v. HALL.

MELTON, Chief Justice.

Following the habeas court's denial of his petition for habeas corpus relief, Richard Bishop filed an application for certificate of probable cause with this Court. We granted Bishop's application to determine whether he was provided a full and fair hearing on his petition for writ of habeas corpus below. For the reasons that follow, we vacate the ruling of the habeas court and remand this case for a new hearing.

The record shows that, shortly after shooting and killing his girlfriend and injuring her other boyfriend on the night of August 12, 2009, then-76-year-old Bishop was arrested. Just twelve days later, representing himself,[1] Bishop pled guilty to malice murder and aggravated assault. He was sentenced to life in prison, plus twenty years to run concurrently. On June 14, 2013, Bishop filed a

---

[1] Bishop made this decision after consulting with two public defenders who remained available to assist Bishop at his plea hearing, though they did not represent him.

pro se petition for a writ of habeas corpus in the Superior Court of Telfair County. In May 2014, Bishop filed two amendments to the petition and one brief in support, and he filed a second brief a few weeks later. On May 21, 2014, Bishop filed a "motion for assistance." In this motion, Bishop did not specify the reasons he needed assistance or give any details regarding the type of assistance he was seeking. Bishop filed a second "motion for assistance" in July 2014. This time, Bishop recited that he was 81 years old, he suffered from macular degeneration, he was "already 50% blind" when he entered his guilty plea, he was unable to read even with the assistance of glasses, and he had approximately 40 questions to ask the attorney who had assisted him at his plea hearing. Because of his visual impairment, Bishop asked the court "to provide assistance in order to ensure a full and fair evidentiary hearing."

Thereafter, the Warden filed an objection to the motion for assistance, arguing that there was no authority for the habeas court to provide Bishop with counsel. Bishop then responded and clarified that he was not requesting that counsel be appointed, he simply needed someone to read for him.[2] The habeas

---

[2] We note that, for the first time on appeal, Bishop argues that the trial court should have been required to appoint counsel to defend him. However, "[i]t is well settled that there is no federal or state constitutional right to appointed

court considered the request for assistance at a December 2014 hearing, where Bishop reiterated that he was not asking for an attorney– "just anyone [who] can read and speak." Though the habeas court acknowledged Bishop's eye problems, it initially treated Bishop's request as one for the appointment of counsel and found that Bishop was not entitled to any such appointment. The habeas court went on to express concern that Bishop's written questions were conceived by an inmate other than Bishop,[3] as the habeas court apparently recognized the handwriting.[4] The Warden then objected to Bishop's motion and his use of the pre-prepared questions, and the habeas court declined Bishop's request to have someone read the proposed questions on Bishop's behalf. In doing so, however, the habeas court did not explain the basis of its ruling with clarity.

---

counsel in Georgia habeas corpus proceedings." (Citation omitted.) Gibson v. Turpin, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999).

[3] Bishop admitted that someone else wrote the questions, but he stated that they had been read to him. And, while he could not remember all of the questions from memory, he stated that he did want to pose them to the lawyer who had assisted with his plea.

[4] The habeas court did not fully express its reservations regarding this other inmate; therefore, we do not know whether the habeas court was concerned that this other inmate habitually filed or assisted in the filing of meritless lawsuits and habeas actions. In any event, there was no evidence that Bishop, himself, had any history of filing meritless actions.

3

Bishop timely and properly appealed the habeas court's order, asserting that the habeas court denied him a full and fair hearing and the ability to properly develop the habeas record by denying his written and oral requests for assistance in reading his prepared questions. The Warden belatedly concedes that Bishop did not receive a full and fair hearing and that his request could have easily been accommodated. Because the habeas court denied Bishop's due process rights under the specific facts of this case, we agree.

"A fundamental requirement of due process is 'the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394 (34 SCt 779, 58 LE 1363) (1914). It is an opportunity which must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (85 SCt 1187, 14 LE2d 62) (1965). In an analogous context, we have held that an inmate who does not speak English well enough to understand habeas proceedings must be accommodated with a qualified interpreter. "The use of qualified interpreters is necessary to preserve meaningful access to the legal system for persons who speak and understand only languages other than English." (Citation omitted.) Ramos v. Terry, 279 Ga. 889, 892 (1) (622 SE2d 339) (2005). Under the circumstances of this case, as belatedly conceded by the Warden, the appointment of a reader for

Bishop, given his undisputed visual impairment, was necessary to satisfy his due process right to a full and fair hearing.

We do not consider the propriety or admissibility of the questions which Bishop wishes to use, an issue that clearly troubled the habeas court. On remand, if the Warden raises any objections to particular questions, the habeas court may fully consider this issue, and should it find any valid reason to exclude any or all of the questions, it may do so. The habeas court should, however, make a clear ruling explaining its reason for taking any such action.

Judgment vacated and case remanded with direction. All the Justices concur.